UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
**JANET WHANG,**                                    CASE NO.

       **Plaintiff,**                              **COMPLAINT**

  v.

**BARBIZON SCHOOL OF MODELING OF
MANHATTAN, INC.,**

       **Defendant.**
---------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Barbizon School of Modeling of Manhattan, Inc. ("Barbizon" or "Defendant") is a New York corporation that owns and operates a modeling, acting, singing, and dancing school.

4. Plaintiff Janet Whang ("Plaintiff," together with Barbizon, the "Parties") is a citizen of New Jersey.  She worked as a scout for Barbizon from 2016 to September 2018.

## FACTS

5. Plaintiff began working for Barbizon as a scout in January 2016.

6. At all times, Barbizon classified Plaintiff as an independent contractor.

7. As a scout, Plaintiff is responsible for recruiting people to come to Barbizon's office for a meeting about the school's programs.

8. Plaintiff typically scouts on Fridays and Saturdays for people to come to meetings and informational sessions at Barbizon.

9. The Parties agreed that Barbizon would pay Plaintiff based on the number of people scouted by Plaintiff who attend the meetings and informational sessions regarding Barbizon's modeling school.

10. Barbizon originally agreed to pay Plaintiff $50 per meeting attendee. The rate was subsequently changed to $55 for each of the first 10 attendees, $60 for the 11th to 19th attendees, and $65 for all subsequent attendees.

11. Barbizon also agreed to pay Plaintiff a transportation stipend based on the number of meeting attendees she recruited.

12. The Parties agreed that Barbizon would pay Plaintiff on a bi-weekly basis.

13. Barbizon did not give Plaintiff a written contract setting forth (1) the name and address of the Parties; (2) an itemization of the services to be provided by Plaintiff, the value of those services, and the rate and method of compensation; and (3) the date by which payment under the contract was due.

14. However, Barbizon has frequently failed to pay Plaintiff the agreed rate and transportation stipend.

15. When confronted with their failure to pay Plaintiff for all of the attendees, Barbizon provides varying excuses which are often untrue or not reflective of policies that Barbizon communicated to Plaintiff.

16. Most often, Barbizon claims that the families that Plaintiff recruited left a meeting before attending the informational session. This claim is almost always false. Plaintiff has often attempted to correct this issue with Barbizon, but more often than not, Barbizon does not correct the error.

17. On some occasions, Barbizon has refused to pay Plaintiff for attendees who are younger than 7 years old, despite the fact that Barbizon frequently pays Plaintiff's coworkers their rate for such individuals.

18. On other occasions, Barbizon has refused to pay Plaintiff for attendees who Barbizon claimed lived outside the New York area, when Plaintiff knew that the families did in fact live in the New York area.

19. In total, Plaintiff estimates that Barbizon has wrongfully withheld from her more than $14,000 since she began performing work for Barbizon.

20. On or about September 5, 2018, Plaintiff, through her counsel, informed Barbizon of the claims referenced herein.

21. Thereafter, Barbizon retaliated against Plaintiff. Barbizon's retaliation included, *inter alia*:

> a. On September 17, 2018, Defendant's marketing director Bianca Gutierrez sent Plaintiff an e-mail that insinuated that Plaintiff was performing her duties unethically and, for the first time, criticized Plaintiff's job performance and subjected Plaintiff's work to newly heightened scrutiny.
>
> b. Without prior notice to Plaintiff, Defendant's owner Larry Lionetti flew to New York City from San Francisco in order to meet with Plaintiff. He demanded via text message to meet with Plaintiff on one day's notice and

      stated that Plaintiff could not work for Barbizon until she met with him. Plaintiff had never spoken to or met Mr. Lionetti before receiving his text message. Upon information and belief, Plaintiff was the only scout who had to meet with Mr. Lionetti in order to continue working for Barbizon.

  c. Plaintiff subsequently scheduled a meeting with Mr. Lionetti for September 23, 2018.

  d. On September 22, 2018, Lidia Sanchez, Barbizon's executive director, e-mailed Plaintiff a contract. That contract contained an arbitration clause and San Francisco venue clause. In addition, while the contract stated that Plaintiff would be paid based on the number of "leads" she generated, it failed to define "leads."

  e. On September 23, 2018, Plaintiff was sick and unable to make her previously scheduled meeting with Mr. Lionetti. She sent him a text message seeking to reschedule the meeting and asked how they could address her concerns with the contract.

  f. In response, Mr. Lionetti stated that she would be on a leave of absence until she met with him. Mr. Lionetti subsequently sent Plaintiff a text message stating, "Your terminated period."

## FIRST CLAIM FOR RELIEF
**Breach of Contract**

22. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

23. The Parties agreed to a rate and method of payment for Plaintiff's work for Defendant.

24. Defendant failed to pay Plaintiff in accordance with that agreement.

25. As a result of Defendant's breach of contract, Plaintiff is entitled to recover her unpaid compensation under the Parties' contract.

## SECOND CLAIM FOR RELIEF
### Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 *et seq.*

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

27. Defendant failed to provide Plaintiff with a written contract containing the information required under N.Y.C. Admin. Code § 20-928.

28. Defendant failed to pay Plaintiff their agreed rate for the work she performed in a timely manner, in violation of N.Y.C. Admin. Code § 20-929.

29. The value of Plaintiff's contract for the period on and after May 15, 2017 is more than $85,000.

30. As a result of Defendant's unlawful conduct, Plaintiff is entitled to recover statutory damages equal to $250 and the entire value of her contract pursuant to N.Y.C. Admin. Code §§ 20-933(b)(2)(a) and 20-933(b)(2)(b), and, pursuant to 20-933(b)(3), her unpaid compensation, double damages on her unpaid compensation, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### Freelance Isn't Free Act Retaliation, N.Y.C. Admin. Code §§ 20-930 *et seq.*

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. Defendant unlawfully retaliated against Plaintiff after she asserted her rights under the Freelance Isn't Free Act, in violation of N.Y.C. Admin. Code § 20-930.

33. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including loss of income and emotional distress.

34. The value of Plaintiff's contract for the period on and after May 15, 2017 is more than $85,000.

35. As a result of Defendant's unlawful conduct, Plaintiff is entitled to recover lost income, compensatory damages for emotional distress, the entire value of her contract pursuant to N.Y.C. Admin. Code § 20-933(b)(4) §§ 20-933(b)(2)(a) and 20-933(b)(2)(b), and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, to be paid by Defendant;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees;

E. Interest as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York     Respectfully submitted,
       October 22, 2018

                                             JOSEPH & KIRSCHENBAUM LLP

                                             By: /s/ Denise A. Schulman
                                                  D. Maimon Kirschenbaum
                                                  Denise A. Schulman
                                                  32 Broadway, Suite 601
                                                  New York, NY 10004
                                                  Tel: (212) 688-5640
                                                  Fax: (212) 688-2548

                                             *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.